# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ERIC JOHNSON, | Case No. 2:18-cv-02343-GMN-CWH |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN WILLIAM, et al., | |
| Respondents. | |

Petitioner has paid the filing fee. The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner also has filed a motion for appointment of counsel (ECF No. 2).

Petitioner pleaded guilty to burglary, conspiracy, robbery with the use of a deadly weapon, and kidnaping. Petitioner's sentences in the aggregate are 48 years. The state district court entered the original judgment of conviction on August 7, 2014.[1] Petitioner appealed, and the Nevada Court of Appeals affirmed on February 4, 2015.[2]

Back in the state district court, an amended judgment of conviction was entered on March 19, 2015. Petitioner filed a motion to modify his sentence on August 18, 2015. The state district court denied the motion on September 23, 2015.

---

[1] https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 (report generated June 19, 2019). A person wishing to access the case must enter the case number, C-14-297487-2, exactly.
[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=48666 (report generated June 19, 2019).

1

Petitioner then filed a post-conviction habeas corpus petition on February 10, 2016. The state district court denied the petition. The Nevada Court of Appeals affirmed the denial on April 11, 2018.[3] The Nevada Supreme Court issued its remittitur on May 8, 2018.[4]

Petitioner mailed his current federal habeas corpus petition to this court on November 24, 2018. By the court's preliminary calculations, petitioner commenced this action after expiration of the one-year limitation period of 28 U.S.C. § 2244(d)(1).

Petitioner has not yet established financial eligibility for appointment of counsel under 18 U.S.C. § 3006A. The court directed petitioner either to pay the filing fee or to file a complete application to proceed in forma pauperis. Petitioner did the former. Consequently, the court does not have the required financial information.

Nonetheless, the court will appoint counsel provisionally. The court bases appointment of counsel upon petitioner's lengthy aggregate sentence, the issue of petitioner's mental health at the time of his plea, and the potential untimeliness of this action. The court conditions this appointment upon petitioner filing a complete application to proceed in forma pauperis. If petitioner fails to file a complete application within the time period, then the court will vacate the provisional appointment of counsel.

IT THEREFORE IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus.

IT FURTHER IS ORDERED that petitioner's motion for appointment of counsel (ECF No. 2) is **GRANTED** provisionally, subject to petitioner establishing his financial eligibility for appointment of counsel.

IT FURTHER IS ORDERED that petitioner file another application for leave to proceed in forma pauperis, accompanied by a signed financial certificate and a statement of his inmate account. The clerk of the court shall send petitioner a blank application form for incarcerated litigants. If petitioner does not file the application within thirty (30) days from the date of entry of this order, then the court will vacate the provisional appointment of counsel.

---

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=51305 (report generated June 19, 2019).
[4] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=43247 (report generated June 19, 2019).

IT FURTHER IS ORDERED that the Federal Public Defender is appointed provisionally as counsel. The Federal Public Defender will have thirty (30) days from the date of entry of this order either to undertake representation of petitioner or to indicate to the court the office's inability to represent petitioner. If the Federal Public Defender is unable to represent petitioner, then the court will appoint alternate counsel, subject again to establishment of financial eligibility. The court will set a deadline for filing of an amended petition or a motion seeking other relief after counsel has appeared. The court anticipates setting the deadline for ninety (90) days from entry of the formal order of appointment. The court does not signify any implied finding of tolling during any time period established or any extension granted. Petitioner always remains responsible for calculating the limitation period of 28 U.S.C. § 2244(d)(1) and timely presenting claims. The court makes no representation that the petition, any amendments to the petition, and any claims in the petition or amendments are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk electronically serve both the Attorney General of the State of Nevada and the Federal Public Defender a copy of the petition and a copy of this order.

IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance within twenty (20) days of entry of this order, but no further response will be required from respondents until further order of the court.

IT FURTHER IS ORDERED that the clerk shall provide copies of all prior filings to both the Attorney General and the Federal Public Defender in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing.

DATED: June 20, 2019

_____
GLORIA M. NAVARRO
Chief United States District Judge