UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC JOHNSON,<br><br>    Petitioner,<br><br>v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>    Respondents. | Case No. 2:18-cv-02343-GMN-DJA<br><br>**ORDER** |

In this habeas corpus action, the petitioner, Eric Johnson, represented by appointed counsel, filed an amended habeas petition on January 3, 2022 (ECF No. 40). After an extension of time, Respondents were due to file a response to the amended petition by June 2, 2022. *See* Order entered March 8, 2022 (ECF No. 45).

On May 27, 2022, Respondents filed a motion for extension of time (ECF No. 47), requesting a further 75-day extension, to August 16, 2022. Respondents' counsel states that she needs the extension of time because of her obligations in other cases, time away from her office, illness, and staffing shortages at the office of the Attorney General. Johnson does not oppose the extension of time. The Court finds that Respondents' motion for extension of time is made in good faith and not solely for the purpose of delay, and that there is good cause for an extension of time.

The Court will grant Respondents a longer extension than requested (95 days instead of 75). The Court does this in hopes of forestalling any further motion for extension of time and establishing a firm deadline for Respondents' response. *The Court will not look favorably upon any further motion to extend this deadline.*

Also, the Court will set a new schedule for further proceedings beyond Respondents' response to the amended petition.

**IT IS THEREFORE ORDERED** that Respondents' Motion for Extension of Time (ECF No. 47) is **GRANTED**. Respondents will have until and including **September 5, 2022**, to file a response to Petitioner's amended petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that the following schedule will apply, following the filing of Respondents' response to the amended petition:

Reply. Petitioner will have 45 days following filing of an answer to file a reply. Respondents will thereafter have 30 days following filing of a reply to file a response to the reply.

Briefing of Motion to Dismiss. If Respondents file a motion to dismiss, Petitioner will have 45 days following filing of the motion to file a response to the motion. Respondents will thereafter have 30 days following filing of the response to file a reply.

Discovery. If Petitioner wishes to move for leave to conduct discovery, Petitioner must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

Evidentiary Hearing. If Petitioner wishes to request an evidentiary hearing, Petitioner must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Petitioner files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but

separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), Calvin Johnson is substituted for Brian Williams as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

DATED THIS 28 day of May, 2022.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE