UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC JOHNSON,<br><br>    Petitioner,<br><br>v.<br><br>GABRIELA NAJERA, *et al.*,<br><br>    Respondents. | Case No. 2:18-cv-02343-GMN-DJA<br><br>**ORDER** |

    This action is a petition for writ of habeas corpus by Eric Johnson, who is incarcerated at Nevada's Southern Desert Correction Center serving prison sentences totaling 18 to 45 years on convictions of three counts of robbery using a deadly weapon and one count of first-degree kidnapping. The respondents filed a motion to dismiss (ECF No. 57) on September 6, 2022, contending that all eleven claims in Johnson's amended petition (ECF No. 40) are barred by the statute of limitations and that Claims 1, 2, 3, 4, 5, 6, 7 and 9 are unexhausted in state court.

    In response to the motion to dismiss, on December 19, 2022, Johnson, who is represented in this case by appointed counsel, filed a Motion to Stay (ECF No. 64). Johnson concedes that Claims 1, 2, 3, 4, 5, 6, 7, and 9 of his amended petition are unexhausted. Motion to Stay (ECF No. 64), p. 2; Amended Petition for Writ of Habeas Corpus (ECF No. 40). Johnson states that he initiated a habeas action in state court—his second—on December 13, 2022, in which he seeks to exhaust his unexhausted claims. Motion to Stay (ECF No. 64), p. 2. Johnson's counsel represents that Respondents do not oppose the motion to stay. *Ibid*. Also on December 19, Johnson filed a motion (ECF No. 65) requesting that the deadline for his response to the motion to dismiss be vacated in view of his motion to stay.

    Respondents did not respond to either the motion to stay or the motion to vacate the deadline for response to the motion to dismiss. Their responses to those motions were due on January 3, 2023. *See* LR 7-2(b) (14 days for response to motions other than motions for summary

judgment). "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> * * *
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277–78.

Johnson asserts in his motion to stay that there is good cause for his failure to previously exhaust Claims 1, 2, 3, 4, 5, 6, 7, and 9 in state court on account of his state post-conviction counsel's failure to raise the claims and present evidence in state court in support of them. Motion to Stay (ECF No. 64), pp. 3–5. Johnson asserts that those claims are not plainly meritless. *Id*. at 5. Johnson also asserts that he has not engaged in intentionally dilatory litigation tactics. *Id*. at 5–6. Respondents have not contested any of these assertions.

The Court will grant Johnson's motion to stay and will stay this action pending completion of his state-court proceedings. The Court's intention is that this will be the last time that the Court imposes a stay to facilitate Johnson's exhaustion of claims in state court. Johnson must exhaust all his unexhausted claims in state court during the stay imposed by this order.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Stay (ECF No. 64) is **GRANTED**. This action is stayed. The stay will remain in effect while Petitioner exhausts, in state court, his unexhausted claims for habeas corpus relief.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 57) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate Deadline (ECF No. 65) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that following the conclusion of Petitioner's state-court proceedings, Petitioner must, within 30 days, make a motion to lift the stay of this action.

**IT IS FURTHER ORDERED** that this action will be subject to dismissal, upon a motion by Respondents, if Petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed by this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to administratively close this case.

DATED THIS 11 day of January, 2023.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE